# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0589V
**Filed: November 17, 2016**
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DARLENE DAYTON, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN,* for petitioner.
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On June 10, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a consequence of the influenza ("flu") vaccine she received on or about August 28, 2014. On July 13, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 26.)

On August 30, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 30.) Petitioner requests total attorneys' fees and costs in the amount of $23,101.86, which includes attorneys' fees in the amount of $21,873.00 and attorneys' costs and advances in the amount of $1,228.86. (ECF No. 30-2, pp 12-13.) In compliance with

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  (ECF No. 30-3.)

On October 3, 2016, respondent filed a response to petitioner's motion.  (ECF No. 34.)  Respondent disputed that petitioner's counsel should be compensated at forum rates.  *Id.* at 1.  Respondent "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00 and $14,000.00," but provides little explanation for how she arrived at this proposed range, citing only five prior cases that she characterizes as similar.  *Id.* at 12-13.  Petitioner did not file a reply brief.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the parties' respective arguments regarding the appropriateness of forum versus local hourly rates for the McLaren firm.  The undersigned concluded that petitioner's counsel should be compensated at forum rates which are consistent with the rates requested in the instant application.  However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by paralegals in 2016.  The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.  However, consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate reduction for travel time and for 2016 paralegal rates.  The undersigned also reduces the claimed cost of a meal had while on travel.

In June of 2015, Mr. Webb billed a total of 9.0 hours for travel time at a full rate of $295, amounting to $2,655.00.  (ECF No. 30-2, pp. 4-5.)  The undersigned reduces these hours by 50%.  *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (special masters consistently award compensation for travel time at 50% of the billing rate).  This results in a reduction of $1,327.50.

Mr. Webb also claimed $98.05 for a single dinner he had while on travel.  (ECF No. 30-2, p. 27.)  The undersigned finds the requested amount to be unreasonable and reduces it to $51.00, an amount reflective of 2015 federal per diem rates for meals and incidental expenses for Alabama.[3]  This results in a reduction of $47.05.

Additionally, in 2016 petitioner's counsel billed 4.3 hours of paralegal time at a rate of $150, amounting to $645.00.  (ECF No. 30-2, p. 13.)  Adjusting the hourly rate to $145 reduces the total amount to $623.50, a reduction of $21.50.

---

[3] *See* GSA FY 2015 Per Diem Rates for Huntsville, AL, at http://www.gsa.gov/portal/category/100120.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 76.4 total hours): | $21,873.00 |
| Less 50% reduction for 9.0 travel hours: | -$1,327.50 |
| Less 2016 paralegal rate reduction: | -$21.50 |
| Adjusted total: | $20,524.00 |
| | |
| Requested costs: | +$1,228.86 |
| Less meal reduction: | -$47.05 |
| Adjusted total: | $1,181.81 |
| **Total Attorneys' Fees and Costs Awarded:** | **$21,705.81** |

Accordingly, the undersigned awards a total of **$21,705.81**,[4] representing reimbursement for attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, **Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.